# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOOKER T. HILLERY,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER BARRETTO, et al.,<br><br>Defendants. | No. 2:17-cv-0191 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. He is currently housed at the California Health Care Facility ("CHCF"). The discovery phase has begun in this action. See ECF No. 16 (court's September 2017 scheduling order).

On February 1, 2018, defendants filed a motion to compel plaintiff's responses to interrogatories pursuant to Federal Rule of Civil Procedure 37, requesting that plaintiff be required to respond to its interrogatories within ten days. See ECF No. 19 at 4. For the reasons stated below, the court will deny defendants' motion without prejudice and instead stay the scheduling order for thirty days.

On September 29, 2017, the court issued the discovery and scheduling order in this matter. ECF No. 16. On January 3, 2018, defendants filed a motion to amend the scheduling order requesting that the discovery and pre-trial motion dates be moved back 180 days given that plaintiff had been unresponsive to defendants' timely discovery requests. See ECF No. 17 at 3-4.

1

On January 8, 2018, the court granted that motion in part, extending the discovery period for ninety days and directing the parties to confer regarding whether additional time beyond the ninety days would be needed and if so, to inform the court of this fact via a joint request to amend. See ECF No. 18 at 3-4. In the alternative, if plaintiff determined that additional time beyond the ninety-day extension would not be needed, he was ordered to inform the court within twenty-one days of the date of the court's order, specifically, Monday, January 29, 2018. See id. at 4.

To date, plaintiff has not complied with the court's order. Specifically, he has not responded to defendants' meet and confer efforts (see ECF No. 19 at 31-32) (defendants' letter to plaintiff dated January 8, 2018), nor has he informed the court directly whether he will need additional time beyond the ninety-day extension to respond to and/or propound discovery. In addition, plaintiff has yet to respond at all to discovery already propounded by defendants in direct contravention of the court's September 29, 2017 discovery and scheduling order. See ECF No. 16 at 4 (scheduling order directing responses to written discovery requests to be due forty-five days after the request is served); see also ECF No. 19 at 5 (defense counsel's February 2018 declaration stating November 2017 discovery propounded by defendants had not been responded to by plaintiff).

As the court has stated before, it has an interest in managing its cases in such a way that the disposition of them is just and speedy. See Fed. R. Civ. P. 1; see also In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006) (stating orderly and expeditious resolution of disputes is of great importance to rule of law and delay in reaching merits is costly in money, memory, manageability, and confidence in process). To that end, the failure of a party to comply with discovery plans and orders is grounds for dismissal of an action. See Fed. R. Civ. P. 37(b)(2)(A)(v) (authorizing dismissal for failure to obey discovery order); see also Fed. R. Civ. P. 41(b); see also In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1227 (stating district courts may dismiss cases in course of exercising inherent power to control dockets).

At the same time, it is the court's understanding that plaintiff, an octogenarian, has had

significant health issues as of late which have previously impeded the discovery process and that in recent months, he has been hospitalized.[1]  See ECF No. 17 at 2-4, 7-8.  Furthermore, it does not appear that plaintiff has propounded discovery upon defendants,[2] which is in his own best interests.  See generally docket (absence of filings by plaintiff related to discovery phase); see also ECF Nos. 17, 19 (absence of statements by defendants that plaintiff has propounded discovery).  Finally, on January 3, 2018, the date defendants filed a motion to amend the original scheduling order, defense counsel declared that as of that date, the litigation coordinator at CHCF had no information on plaintiff's present medical condition or on his ability to be deposed.  See ECF No. 17 at 6-8 (declaration of defense counsel in support of defendants' motion to amend scheduling order).

     As the party who filed suit, plaintiff presumably has an interest and desire to see his case resolved.  Until recently, plaintiff's actions have supported this presumption.  Indeed, prior to the onset of plaintiff's recent illnesses – which appear to have been debilitating enough to warrant his hospitalization for twenty days between September 2017 and October 2017, as well as the December 2017 last-minute cancellation of a timely scheduled deposition by defendants due to another hospitalization (see ECF No. 17 at 7-8) – plaintiff has timely filed his pleadings.[3]  In addition, once released from the hospital in October 2017, plaintiff appears to have immediately signed the health form release that would grant defendants' their requested access to his medical

---

[1] Defense counsel has stated that plaintiff's medical records indicate that plaintiff has been diagnosed with poorly managed Type II diabetes, sleep apnea, venous stasis, coronary artery disease, dyslipidemia, hypertension and chronic kidney disease; that between September 2017 and October 2017, plaintiff was hospitalized for twenty days for septic shock, deep vein thrombosis, and acute hypoxic respiratory failure, and that from December 27, 2017 through December 31, 2017, plaintiff had again been hospitalized.  See ECF No. 7-8 (defense counsel's January 2018 declaration in support of motion to amend scheduling order).

[2] If, in fact, plaintiff has sent discovery questions to defendants, plaintiff should inform the court of this.

[3] For example, when plaintiff commenced this action, he also filed the necessary in forma pauperis application as well as a motion for appointment of counsel contemporaneously.  See ECF Nos. 1, 2, 3.  When plaintiff's address changed, he timely filed a change of address form with the court.  See ECF No. 5.  Plaintiff also promptly returned his consent / decline form to the court.  See ECF No. 6.  Finally, although plaintiff's initial filing of the service documents and his complaint was timely but improper (see ECF No. 11) (court order stating same), plaintiff's re-filing of said documents was both timely and proper (see ECF No. 12).

records which, in turn, prompted defense counsel to cancel defendants' subpoena for plaintiff's medical and dental records. See ECF No. 17 at 7. Thus, the court has no reason to believe that plaintiff's sudden failure to respond to its recent orders is willful.

In sum, although defendants continue to exercise diligence and good faith to resolve this matter in a timely manner, the court would be remiss if it granted defendants' motion to compel without first knowing whether plaintiff's failure to respond to defendants' discovery requests – and the court's January 8, 2018 order – is willful or instead involuntary due to plaintiff's recent, significant health issues. If plaintiff's failure to respond is due to the latter, the grant of a motion to compel would be futile.

In light of the above, the court will deny defendants' motion to compel and instead stay the current scheduling order for thirty days. During this time period, defense counsel shall be directed to contact the appropriate authorities at the prison in order to determine whether plaintiff has been hospitalized at any time since his return from the hospital in December 2017. Thereafter, defense counsel shall timely inform the court via sworn declaration of the results of the inquiry. During this time period, plaintiff shall also be ordered to show cause why he has failed to timely respond to the court's January 8, 2018 order. In his response, must inform the court of any and all hospitalizations and illnesses he has had since September 2017, when the court issued the discovery order, that he believes have prevented him from responding to defendants' discovery requests and to the court's January 8, 2018 order. After reviewing the submissions of both parties, the court will determine what the next steps should be in the management of this case. In the interim, plaintiff is cautioned that his failure to respond in a timely manner to this order may result in the dismissal of his case for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel discovery (ECF No. 19) is DENIED without prejudice to renewal;

2. The current discovery dates as amended by the court's January 8, 2018 order (ECF No. 18) are STAYED for thirty days from the date of this order.

////

4

3. Within thirty days of the date of this order:

   a. Defense counsel is to contact the appropriate individual(s) at the California Health Care Facility in order to determine whether plaintiff has been hospitalized at any time between his return from the hospital in December 2017 to date. Thereafter, counsel is to inform the court via sworn declaration of her findings; and

   b. Plaintiff is to show cause in writing why he has failed to reply to defendants' interrogatories to date <u>and</u> why he has failed to reply to the court's order of January 8, 2018 (ECF No. 18). Within plaintiff's response, he must inform the court of any and all hospitalizations and illnesses he has had from September 2017 to the present that he believes have prevented him from responding to defendants' discovery requests <u>and</u> to the court's January 8, 2018 order.

Plaintiff is warned that failure to comply fully with this order may result in the dismissal of his case for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b); <u>see</u> also <u>Link v. Wabash Railroad</u>, 370 U.S. 626, 630-31 (1962).

At the end of the thirty-day stay, either party may file a motion to amend the scheduling order in a manner that is consistent with the parties' pending statements to the court.

IT IS SO ORDERED.

DATED: February 13, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE