UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOOKER T. HILLERY,

      Plaintiff,

    v.

JENNIFER BARRETTO, et al.,

      Defendants.

No. 2:17-cv-0191 AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends that this action be dismissed for failure to prosecute.

I.    Procedural History

    Plaintiff's complaint was filed in January 2017. ECF No. 1. On screening, the court found that plaintiff had asserted a potentially cognizable Eighth Amendment claim against defendants based on deliberate indifference to serious medical needs. ECF No. 7 at 3-4. Defendants filed their answer on September 26, 2017 (ECF No. 15), and a discovery and scheduling order was issued in this case on September 29, 2017 (ECF No. 16).

    On January 3, 2018, defendants filed a motion to amend the scheduling order, requesting that all dates be extended by 180 days. ECF No. 17. The motion was based on plaintiff's failure to respond to defendants' discovery requests and his inability to be deposed due to serious health

problems.[1]  See id. at 2, 6-8.  On January 8, 2018, the court granted the motion in part, extending the discovery dates ninety days.  ECF No. 18 at 3.  Taking into consideration plaintiff's health issues, defense counsel was ordered to contact plaintiff for the purpose of determining whether he would need additional time to comply with the directives in the scheduling order.  If so, the parties were directed to file a joint request to amend the scheduling order to extend its deadlines an additional ninety days.  Id. at 2-4.  If, however, plaintiff determined that he would not need an additional ninety-day extension, he was ordered to file and serve a statement stating as much within twenty-one days of the date of the court's order.  Id. at 4.

On February 1, 2018, defendants filed a motion to compel plaintiff's responses to interrogatories, stating that plaintiff had failed to respond to interrogatories served by defendants.  See ECF No. 19 at 3, 5.  An attachment to the motion indicated that in compliance with the court's January 2018 order, defense counsel had contacted plaintiff via letter to inquire as to whether he would need additional time to respond to discovery but had received no response.  See id. at 5, 31.  The docket indicates that plaintiff also failed to file a response to the court's January 2018 order.

Given plaintiff's history of significant health ailments, in an abundance of caution, on February 14, 2018, the court directed defense counsel to contact the appropriate individuals at California Health Care Facility ("CHCF") where plaintiff was housed in order to determine whether plaintiff had been hospitalized at any time between his return from the hospital in December 2017 to date and to inform the court of her findings.  See ECF No. 20 at 5.  At the same time, plaintiff was ordered to show cause within thirty days of the date of the court's order why he had failed to reply to defendants' interrogatories and why he had failed to comply with the court's January 2018 order.  Id.  Plaintiff was also directed to inform the court of any and all

---

[1] Defense counsel's motion and accompanying declaration indicated that between September and October 2017, plaintiff, an octogenarian, had been hospitalized for twenty days for "septic shock, deep vein thrombosis," and "acute hypoxic respiratory failure," and that he had also been diagnosed with poorly managed Type II diabetes, sleep apnea, venous stasis, coronary artery disease, dyslipidemia, hypertension, and chronic kidney disease.  See ECR No. 17 at 4, 7.  The declaration also indicated that plaintiff had been unable to be deposed in December 2017 due to his hospitalization on the date of the deposition.  See id. at 8.

1  hospitalizations he had had from September 2017 to date.  Id.  He was further warned that failure
2  to comply fully with the order might result in a dismissal of his case for failure to prosecute.  Id.
3  Defendants' motion to compel was denied without prejudice and the current discovery dates were
4  stayed for thirty days.  See ECF No. 20 at 4.  Thus, both parties' due date to comply with the
5  court's order was March 16, 2018.

6  Two days later, on February 16, 2018, defense counsel informed the court via sworn
7  declaration that upon contacting the litigation coordinator at CHCF, she was told that plaintiff had
8  not been hospitalized since his return from the hospital on December 31, 2017.  See ECF No. 21
9  at 2.  Defense counsel also informed the court that when she had traveled to CHCF the day before
10 in order to depose plaintiff, plaintiff:  (1) refused to answer any of defendants' questions and/or
11 be deposed; (2) failed to provide the interrogatory responses at issue in defendants' motion to
12 compel, and (3) did not indicate that he planned to respond to defendants' interrogatories.  See
13 id.  To date, plaintiff has failed to respond both to the court's January 2018 order and to the order
14 to show cause issued in February 2018.

15 II.     Applicable Law

16 "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an
17 action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,
18 1260 (9th Cir. 1992).

> In determining whether to dismiss a case for failure to comply with
> a court order the district court must weigh five factors including:
> "(1) the public's interest in expeditious resolution of litigation; (2)
> the court's need to manage its docket; (3) the risk of prejudice to the
> defendants; (4) the public policy favoring disposition of cases on
> their merits;  and (5) the availability of less drastic alternatives."

23 Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
24 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

25 III.    Analysis

26 In determining whether to recommend that this action be dismissed, the court has
27 considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly
28 support dismissal of this action.  The action has been pending for over a year and has reached the

3

discovery stage. However, since the issuance of the discovery and scheduling order on September 29, 2017 order, discovery has been consistently stalled by plaintiff. Granted, plaintiff's significant health ailments appear to have contributed to the protraction of this case. See ECF No. 17 at 7-8 (declaration of defense counsel indicating plaintiff's hospitalization for twenty days between September 2017 and October 2017 and his December 2017 hospitalization the day of his deposition). However, since then, plaintiff has offered no excuse for his failure to comply with the discovery order and subsequent orders. The record indicates that until July 2017, plaintiff was quite diligent with respect to filing pleadings and responding to motions and court orders.[2] In light of these facts, the court concludes that plaintiff's failure to respond defendants' motions and to this court's orders since September 2017 demonstrate abandonment of this action. Further time spent by the court on this case will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The fifth factor of Ferdik, the availability of less drastic alternatives, also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and has granted ample additional time to propound discovery, to oppose defendants motions, and to show cause why he has failed to respond to the court's orders, all to no avail. For these reasons, the court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to comply with the court's orders, should be given little weight. Plaintiff's failure to comply with the court's orders does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, and fifth factors strongly support dismissal, and the third factor does not mitigate against it. Under the circumstances of

---

[2] For example, between January 2017 and July 2017, plaintiff has timely and proactively filed the following pleadings and motions: a motion to proceed in forma pauperis, a motion to appoint counsel, a notice of change of address, the consent to the jurisdiction of a magistrate judge form and service documents. See generally ECF Nos. 2, 3, 5, 6, 9, 12.

4

| | |
|---|---|
| 1 | this case, those factors outweigh the general public policy favoring disposition of cases on their |
| 2 | merits. See Ferdik, 963 F.2d at 1263. |
| 3 | Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a |
| 4 | United States District Judge to this action. |
| 5 | IT IS FURTHER RECOMMENDED that the complaint (ECF No. 1) be dismissed for |
| 6 | failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). |
| 7 | These findings and recommendations are submitted to the United States District Judge |
| 8 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days |
| 9 | after being served with these findings and recommendations, any party may file written |
| 10 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 11 | "Objections to Magistrate Judge's Findings and Recommendations." Any response to the |
| 12 | objections shall be filed and served within fourteen days after service of the objections. The |
| 13 | parties are advised that failure to file objections within the specified time may waive the right to |
| 14 | appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991). |
| 15 | DATED: March 26, 2018. |

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE